IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIV[ED]

JAN 2 [?]

CLERK, U.S. [...]
ANCHO[RAGE...]

| | |
|---|---|
| JUAN FRANCISCO VALERA, ) | |
| MOVANT, ) | |
| ) | |
| -vs- ) | Case No. A99-0036-04-CR (HRH) |
| UNITED STATES OF AMERICA ) | |

MOTION PURSUANT 18 U.S.C.§3582(c)(2)

---

Comes Now, Juan Francisco Valera and moves this Honorable Court under Title 18 Subsection 3582 (c)(2). In support of this motion the Movant cites as follow:

BACKGROUND

---

The Movant was sentence in the United States District Court For The District Of Alaska by the Honorable Judge James M. Fitzgerald in Anchorage, Alaska on April 6, 2000.. The Movant was sentenced to a term of 324 months for Conspiracy to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine under 21 U.S.C.§§841 (a), 841(b)(1)(a).

(1)

****18 U.S.C.§3582(c)(2)****

Title 18 U.S.C §3582(c)(2) Provides:

The United States District Court upon the motion of the Defendant or the Director of the Bureau of Prisons, or on it own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a).

18 U.S.C. §3553(a)(1) Provides:

The District Court the power to consider the nature and the circumstances of the offense and the history and characteristics of the defendant.

18 U.S.C. §3553(5)(B)(6) further Provides:

The District Court with the power to avoid unwarranted sentence disparities among defendants with similar records who have found guilty of similar conduct.

(2)

****18 U.S.C.(a)(1)****

In the case of United States-vs-Ricardo Cruzagosto case no.3:02-cr-00100-03-HRH.The defendant was found guilty of Conspiracy to Possess and Distribute Controlled Substance(powder cocaine and crack)pursuant to 21 U.S.C. §846,841(a)(1).

Because of the defendant two prior convictions and the statutory provision of 21 U.S.C. §841(b)(1)(a).The Government filed a Notice pursuant to 21 U.S.C. §851,and the defendant was sentence to a mandatory life sentence.The United States Court of Appeals for the Ninth Circuit remanded the case back to this court for resentencing because of a Apprendi violation.At the resentencing hearing this court determined that the defendants advisory guidelne range was a offense level 36 category IV in the range of 266 to 327 months.

However,this court consider the nature and th circumstances of the offense and the history and characteristics of the defendant under the provisions of 18 U.S.C. §3553 (a)(1) and sentenced the defendant to a term of 168 months and 6 years supervised release.

This court explanation justifying sentencing the defendant outside of the advisory guidelines was as follow:

Defendant has done well in prison,e.g.taking optional eductional classes.Defendant is age 36 now.By age 50(after a 14 year sentence)the risk of reoffending should be considerably reduced.Fourteen years will provide adequate deterence.18 U.S.C §3553(a)(2)(B).

(3)

(4)

****18 U.S.C. §3553(5)(B)(1)*****

---

The similaritys between the case of United States-vs-Cruzagosto and the case at hand are vast:

1) The sentencing range for Cruzagosto was 266 to 327, and the actual sentence of the Movant was a term of 324.

2) Both cases was Conspiacy to Possess and Distribute Controlled Substance under the provision 21 U.S.C. §841(a)(1), which involved the same drugs type.

3) Both cases are in front of the of this court, and justifys the same actions.

4) The Movant has done just has well in prison.

5) The Movant has took just as many optional educational classes, if not more.

6) The Movant is over the age of 36 by 10 years and is now only a few year from the age of 50, so even after the same sentence reduction the risk of reoffending should be considerably reduced.

7) and, the same sentence reduction will prvide adequate deterence under 18 U.S.C §3553(a)(2)(B).

(4)

*****CONCLUSION*****

In conclusions,this court expressed their frustration to their obligation to sentence the Movant to this harsh unjust sentence at the Movant sentencing hearing.This Court:

I think at your age,the 324 months is indeed a very heavy sentence,but it's the minimum that I can impose under the Sentencing Guildelines.(see Partial Transcript of Proceeding before the Honorable James M.Fitzgerald Tape 1 Log 2386 pg.4 lines 9,10,11).

18 U.S.C. §3582 inpower this court with the power to entertain this motion and consider these factors under 18 U.S.C. §3553 (a).

18 U.S.C. §3553(a)(1) provide this the power to consider the nature and the circumstances of the offense and the history and characteristics of the Movant.

18 U.S.C. §3553(5)(B)(6) further provide this court with the power to avoid the unwarranted disparities between the case of Cruzagosto and the case at hand because of the vast similaritys.

(5)

THEREFORE, THE MOVANT PRAYS MERCIFULLY UPON THIS HONORABLE TO JUSTIFY THE SIMILARITY BETWEEN THESE TWO CASES AND GRANT THE RELIEF DEEMED NECESSARY UNDER THE PROVISION SET FOURTH IN 18 U.S.C §35829(c)(2), 18 U.S.C. §3553(a)(1), AND 18 U.S.C. §3553(5)(B)(6).

RESPECTFULLY SUBMITTED THIS 17th DAY OF JANUARY 2007

*Juan Valera - 12340-006*

JUAN FRANCISCO VALERA

UNITED STATES PENITENTIARY

P.O. BOX 019001

ATWATER, CALIFORNIA 95301

*****CERTIFICATE OF SERVICE*****

I certifty that a copy of same has been served upon Audrey Renschen Assistant United States Attorney by 1st class U.S.mail postage pre-paid.Done the 17th day of January 2007.

*[signature: Juan Valera - 12340-006]*

Juan Francisco Valera

United States Penitentiary

P.O.Box 019001

Atwater,California 95301