NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U. S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Rm. C-253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax: 907-271-1500
email: audrey.renschen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | 3:99-cr-0036-04 (HRH) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **UNITED STATES' RESPONSE** |
| | ) | **TO 18 U.S.C. 3582(c)(2) MOTION** |
| vs. | ) | **AT DOCKETS 632 AND 633** |
| | ) | |
| JUAN FRANCISCO VALERA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by Assistant United States Attorney Audrey J. Renschen, and opposes Valera's request to reduce his sentence. As demonstrated below, Valera's motion for relief lacks merit: he is not entitled to relief on collateral review.  None of the cited authority, neither 18 U.S.C. § 3582(c)(2), United States v. Carrington, 470 F.3d 920 (9th Cir. 2006), nor United

1

States v. Hicks, 472 F.3d 1167(9th Cir. 2007), authorize the district court to reduce Valera's sentence.

I.   **BACKGROUND FACTS**

Juan Valera, was convicted of one count of conspiracy to distribute and possess cocaine base with intent to distribute, and two counts of distribution of cocaine base in a jury trial before Judge James M. Fitzgerald, on November 23, 1999. Docket 375. Valera was indicted in a twenty-four count indictment, along with thirteen other defendants, eight of whom pled guilty, four of whom were fugitives. Valera went to trial with co-defendant Gerson Nunez.

A.   **Prior Conviction and Statutory Penalties**

Valera had previously been convicted in federal court of distribution of cocaine in 1992. The Government filed a 21 U.S.C. § 851 notice to that effect before trial. Because of his prior conviction and the 67 kilograms of cocaine base he distributed, Valera was sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) and was subject to a mandatory minimum sentence of 20 years and a maximum statutory sentence of life imprisonment. Transcript, p. 3, at Docket 387.

### B.    Sentencing Guidelines Applications

At the time of Valera's 2000 sentencing, the United States Sentencing Guidelines (USSG) were mandatory. Under USSG § 2D1.1(c)(2), Valera's base offense level 36 resulted from the 67 kilograms of cocaine involved in his offenses. Presentence Report pp.3-4, ¶¶ 17-20. Three additional points were added to his offense level for the finding that he was a manager or supervisor under U.S.S.G. § 3B1.1(b). Presentence Report pp.4-5, ¶ 22.

Valera' criminal history III was calculated based on a finding of six points: his prior federal drug conviction (3 points), his commission of a new crime while on supervised release (2 points), and his commission of a new crime within 2 years of his release from prison (1 point). Presentence Report pp. 6-7, ¶¶ 33-37.

With a final offense level of 39, and a criminal history level III, Valera was sentenced to 324 months, the bottom of his Sentencing Guideline range. Sentencing Transcript at Docket 387, pp. 3-4.

### C.    Procedural Posture

Both Valera and his co-defendant at trial, Nunez, appealed, challenging their convictions under Apprendi. Nunez also challenged the sufficiency of the wiretap.

The Ninth Circuit found no Apprendi violations, and affirmed both convictions. United States v. Valera, 17 Fed. Appx. 612, 613 (9th Cir. 2001).[1]

Valera subsequently petitioned under 28 U.S.C. 2255 to vacate his sentence, and on February 21, 2003, Judge H. Russel Holland held that Valera was entitled to no relief. Docket 517. Anticipating further appeal of the order, Judge Holland refused to grant a certificate of appealability. Id. "It is the court's view that the instant motion to vacate is entirely meritless – that no justiciable issue is raised and that reasonable jurists would not disagree." Id. The judgment dismissing the application for post-conviction relief was ordered by Judge Holland on February 24, 2003, in Case A02-186CV. Docket 520.

On April 4, 2005, the Ninth Circuit Court of Appeals denied Valera's application to file a second or successive 28 U.S.C. 2255 motion. Docket 596.

## II. THE AUTHORITY VALERA RELIES UPON FOR RELIEF FROM HIS SENTENCE DOES NOT APPLY TO HIS SITUATION

Under 18 U.S.C. § 3582, the district court is bound to finality in sentencing. Certain limited exceptions apply and are described in that statute: Rule 35, appeal, modification based upon motion of the Director of the Bureau of Prisons in very narrowly circumscribed circumstances, and,

---

[1] Citation to the Ninth Circuit's opinion is in accordance with Circuit Rule 36-3 under the doctrine of law of the case.


> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

### A.    18 U.S.C. § 3582(c)(2) Only Allows a Defendant to Move for a Sentence Reduction When the Sentencing Commission Lowers a Sentencing Guidelines Range after Imposition of a Sentence

Contrary to the required elements of 18 U.S.C. 3582(c), Valera fashioned the instant motion initially relying on an inaccurate citation of 18 U.S.C. 3582(c)(2) (using only the last three of the required four statutory elements), and an unpublished opinion, United States v. Cruzaugusto, 165 Fed.Appx. 527, (9th Cir. 2006)[2].  On February 9, 2007, Valera supplemented his motion to include citations to United States v. Carrington, 470 F.3d 920(9th Cir. 2006), and United States v. Hicks, 472 F.3d 1167(9th Cir. 2007).

---

[2] The government did not initially respond to that motion because it seemed a second or successive 2255 motion which Valera did not have permission from the Ninth Circuit to file.  In keeping with an apparent practice in which the court has notified the government when it wishes the government to respond to such a motion, undersigned counsel did not immediately reply, but was awaiting direction from the court.  Undersigned counsel apologizes if her actions inconvenienced the court.

Yet none of these authorities apply to Valera. He is mistaken in his presentation and in his apparent perception of the law. He has minimized the language of the statute, and stretched the holdings of the cited cases to argue that the court has the authority to resentence. As noted above, the statute does not authorize a defendant to simply move the court for a modification of sentence. That motion by the defendant can only occur if the required condition is met – a change in the Sentencing Guidelines.

> The court may not modify a term of imprisonment once it has been imposed except that –
> . . .
> (2) *in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)*, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis supplied).

Contrary to the citation Valera used in his motion, the court cannot simply re-sentence under factors set forth in 18 U.S.C. § 3553(a), when a defendant makes that request. The court is only authorized to do so if the Sentencing Commission somehow lowers the sentencing range.

## B. The Sentencing Guidelines Range Has Not Been Reduced

There have been no changes to the Sentencing Guidelines that would lead to a lower sentencing range than the one used at Valera's sentencing. The Sentencing Guidelines today use the same principles as those used at Valera's sentencing. 67 kilograms of cocaine still warrants a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2). Three points are still added to a base offense level when the court finds a defendant was a manager or supervisor under U.S.S.G. § 3B1.1(b). Valera's criminal history points still add up to six, and still result in a criminal history level of III. In short, Valera has presented no evidence that the Sentencing Commission has lowered the sentencing range for Valera's drug crimes.

Without meeting that condition of lowered sentencing guidelines, Valera cannot rely on 18 U.S.C. § 3582(c)(2) as authority to reduce his sentence. For that same reason, the Hicks case cited by Valera also does not apply to his situation.

In United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the Ninth Circuit ruled on a re-sentencing issue that arose in conjunction with a change in the Sentencing Guidelines. Amendment 599 eliminated a two-level enhancement for firearm possession on a drug conviction when there was also a conviction and consecutive sentence for the firearm under 18 U.S.C. 924(c). Id. at 1169. That change in the method of calculating the Sentencing Guidelines is not present in

Valera's case. Contrary to Valera's implied argument, his case is different from Hicks.

Hicks did not hold that Booker was sufficient for a re-sentencing without a change in the Sentencing Guidelines. Id. 1169-1170. Although Booker made the application of the Sentencing Guidelines advisory, Booker is not a qualifying action by the Sentencing Commission. Booker did not lower sentencing ranges.

**C.     Carrington Is Also Inapt to Valera's Case: Carrington Requires Extraordinary Circumstances in Order to Authorize a Sentence Reduction**

The Supreme Court's decision in Booker was not, by itself, sufficient to justify recall of the mandate in cases finalized before Booker was filed. **See United States v. King**, 419 F.3d 1035, 1036 (9th Cir.2005). However, the Ninth Circuit found that in some other extraordinary circumstances, the recall of a mandate may be justified. United States v. Carrington, 470 F.3d 920 (Ninth Cir. 2006).

Under Carrington, "extraordinary circumstances" occur when 1) the sentencing judge complains about the Sentencing Guidelines at the original sentencing proceeding, and 2) specifically asks for a recall of mandate in denying a motion for re-sentencing. Id. at 924-925.

The Ninth Circuit made it apparent that both elements are required and that defendants will not be allowed to be resentenced simply when a judge grimaces at the length of a sentence. "We believe that the number of cases in which a district court will feel so strongly about the need to resentence is small, making these cases truly extraordinary." Id. at 925.

Valera is not such an extraordinary case.

Unlike Carrington, Judge Fitzgerald did not make an impassioned plea to the appellate court during Valera's sentencing. Id. at 924, and Transcript at Docket 387. Judge Fitzgerald did not lament that his discretion was diminished or that the Sentencing Guidelines were unconstitutional. Judge Fitzgerald simply reflected that the sentence was "heavy", not that it was unearned. Id. at p. 4 of transcript. That language does not qualify Valera's case as "truly extraordinary" under Carrington.

## III.  CONCLUSION

There is no legal basis the district court can rely on to reduce Valera's sentence. Neither 18 U.S.C. 3582(c), nor the Hicks and Carrington cases apply to Valera's convictions and his sentence. Valera's sentence was based on the then-mandatory Sentencing Guidelines, and Valera benefitted by being sentenced to the bottom of the range. Nothing presented in his motion to reduce sentence entitles

Valera to a re-sentencing opportunity.  Booker is not retroactive under the facts of Valera's case.

RESPECTFULLY SUBMITTED this 28th day of February, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Audrey J. Renschen
Assistant U. S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Rm. C-253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax: 907-271-1500
email: audrey.renschen@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on February 28, 2007a copy of the foregoing, was served, via Mail on the defendant,

Juan Francisco Valera
US Penitentiary
PO Box 019001
Atwater, CA 95301

s/ Audrey Renschen