IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
 )
                Plaintiff, )
 )
    vs. )
 )
FANNY MARGARITA PALACIOS-IBARRA, )
et al., )
 )
                Defendants. )
_____)
 )  No. 3:99-cr-0036-HRH
This Order Pertains to: )
 )
JUAN FRANCISCO RINCON VALERA [D-04] )
_____)

O R D E R

Motion Pursuant to 18 U.S.C. § 3582(c)(2)

      Defendant Valera moves pursuant to 18 U.S.C. § 3582(c)(2) for modification of his sentence.[1] While the foregoing motion was pending, Valera filed a further motion to amend and supplement his

---

[1] Docket No. 632.

initial motion.[2]  The Government has responded to the foregoing motions.[3]

Defendant Valera was tried and convicted of distribution of cocaine.  For purposes of a mandatory guideline sentence, the trial judge determined that Valera was responsible for 67 kilograms of cocaine and was determined to have been a manager or supervisor.  Pursuant to U.S.S.G. § 2D1.1(c)(2), defendant's base offense level was determined to be 36; and pursuant to U.S.S.G. § 3B1.1(b), three additional levels were added for a total of 39.  Defendant's criminal history category was determined to be III.  Accordingly, defendant's guideline range for sentencing was 324 to 405 months.  The minimum sentence of 324 months was imposed.

Relying upon 18 U.S.C. § 3582(c)(2), defendant Valera contends that he should be resentenced employing the sentencing factors set out in Title 18, United States Code, Section 3553(a).

Title 18, United States Code, Section 3582(c)(2) provides in pertinent part that:

> (c) Modification of an imposed term of imprisonment. — The court may not modify a term of imprisonment once it has been imposed except that —
>
> ....
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the

---

[2]   Docket No. 633.

[3]   Docket No. 637.

>           defendant or the Director of the Bureau of
>           Prisons, or on its own motion, the court may
>           reduce the term of imprisonment, after
>           considering the factors set forth in section
>           3553(a)....

The Bureau of Prisons has made no motion in this case, and the court does not take the matter up sua sponte.

For relief to be available to defendant Valera pursuant to the only applicable portion of Section 3582(c)(2), he must demonstrate that the applicable Sentencing Commission guidelines have been changed so as to lead to a lowered sentence. The only two offense level guidelines applicable to the sentencing of defendant Valera are U.S.S.G. §§ 2D1.1(C)(2) and 3B1.1(B). Neither of these guidelines has been changed by the Sentencing Commission. Similarly, the guidelines for determination of defendant's criminal history category have not changed. If defendant Valera were before the court today, charged with the same offense and responsible for the same quantify of controlled substances and with the same criminal history category, his guideline range for sentencing would be exactly the same as it was on the day he was sentenced.

There being no legal basis for the invocation of Section 3582(c)(2) in this case, defendant Valera's initial motion is denied.

In defendant's supplemental motion, he calls attention to two recent Ninth Circuit Court cases: Carrington v. United States, 470 F.3d 920 (9th Cir. 2006), and United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007). Carrington has relevancy to defendant's motion for Section 3582(c)(2) relief because it addresses the

question of whether or not the decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), is the equivalent of a change in the Sentencing Commission guidelines for purposes of Section 3582(c)(2).  Carrington answers that question in the negative:  "Booker did not lower sentencing ranges, nor was Booker an action 'by the Sentencing Commission;" therefore § 3582(c)(2) by its own terms, does not apply here."  Carrington, 470 F.3d at 923.

Likewise, Hicks, 472 F.3d 1167, provides no support for defendant Valera's motion.  Hicks was a case where the Sentencing Commission did change the guidelines in a fashion that would lower a defendant's sentencing range.  Here, as set out above, defendant points to no such change; and the court's own inquiries show that guidelines applicable to defendant have not been changed since he was sentenced.  Moreover, Hicks does not support a contention that resentencing is appropriate because of the Supreme Court decision in Booker.

Finally, defendant Valera argues that he is entitled to a recall of the Ninth Circuit Court's mandate affirming the sentence imposed upon him by this court.  This contention has no connection whatever with 18 U.S.C. § 3582(c)(2).  Presumably the argument flows from Carrington.  The matter of recalling the Ninth Circuit mandate in defendant's case is a matter which is not within the jurisdiction of this court.  Only the court of appeals can recall its mandate.  This court would note in passing, however, that it does not perceive any reason why the Ninth Circuit Court

should recall the mandate in this case. Defendant Valera was sentenced long before the Supreme Court decision in Booker. Booker does not apply retroactively. United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005). While it is true that the sentencing judge characterized Valera's sentence as "very heavy,"[4] Judge Fitzgerald did not find fault with or express extreme frustration with respect to the mandatory Sentencing Commission guidelines. In consideration of the foregoing, this court declines to invite the Ninth Circuit Court to recall its mandate in this case, for this court perceives no good cause nor any injustice in defendant Valera's sentence. It is this court's view that defendant Valera was sentenced in the same fashion that similarly situated defendants were sentenced at the time he (Valera) was sentenced. Defendant has shown no unwarranted sentence disparity between himself and similarly situated, pre-Booker defendants.

For the foregoing reasons, both defendant Valera's motion pursuant to Section 3582(c)(2) and his supplemental motion are denied.

Anticipating that defendant may seek certification for an appeal, the instant motions do not present a situation as to which reasonable jurists could disagree. It is clear beyond any question that 18 U.S.C. § 3582(c)(2) cannot be a basis for relief from the judgment and sentence imposed in defendant Valera's case. The guidelines have not been changed in defendant's favor, and Booker

---

[4] Partial Transcript of Proceedings, Imposition of Sentence, at 4 (Apr. 6, 2000), Docket No. 387.

does not effect a guideline change for purposes of Section 3582(c)(2).

DATED at Anchorage, Alaska, this <u>6th</u> day of March, 2007.


/s/ H. Russel Holland
United States District Judge