IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED
APR 0 2 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

```
JUAN FRANCISCO VALERA,    )
                          )
         MOVANT,          )
                          )
-vs-                      ) District Court Docket
                          ) Case No. A99-0036-04-CR(HRH)
UNITED STATES OF AMERICA, )
                          )
         RESPONDENT.      )
_____)
```

REQUEST FOR CERTIFICATE OF APPEALABILITY

COMES NOW, Juan Francisco Valera and moves this Honorable Court for Certificate of Appealability from the denial of the ORDER denying Motion pursuant to 18 U.S.C. §3582(c)(2) [632] ;ORDER denying Motion to Amend and Supplement[633], and pre-denial of any certification for appeal [638] by Judge H. Russel Hollands in the United States District Court for the District of Alaska on 3/7/07. In support of this request the Movant cites as follow:

(1)

*******BACKGROUND*******

The Movant was sentence in the United States District Court for the District of Alaska by the Honorable Judge James M.Fitzgerald in Anchorage,Alaska on April 6,2000 to a term of 324 months for Conspiracy to Distribute 5 Kilograms or more of a mixture or substance containing a detectable amount of cocaine under 21 U.S.C. §841 (b)(1)(A).

The Movant and his co-defendant (Nunez),appealed their convictions under Apprendi,to which this Honorable found no Apprendi violation,and affirmed both convictions.United States-vs-Valera 17 Fed.Appx.612,613 (9th Cir. 2001).

The Movant petition under 28 U.S.C. §2255 on February 21,2003,which was denied along with a pre-denial of any request for certification for appeal by Judge H.Russel Hollands[517].

On April 4,2005 this Honorable Court denied the Movant's application to file a second or successive 18 U.S.C. §2255 motion[596].

The Movant filed a motion seeking relief pursuant to 18 U.S.C. §3582 (c)(2) asking Judge H.Russel Hollands and to consider the similaritys of his holding under 18 U.S.C. §3553 (5)(B)(6) in the case of United States-vs-Cruzagosto,165 Fed.Appx.527,(9th Cir. 2006)[632].

(2)

The Movant than moved the District Court on February 7,2007 to consider the facts in this Honorable Court's holding in the case of United States-vs-Carrington,and United States-vs-Hicks styled Motion to Amend and Supplement pursuant to 18 U.S.C. §3582 (c)(2)[633].

Although the Government was properly served their time to oppose to the Movant's motion had expired Judge H.Russel Hollands ORDER the Government to respond to the Movant's motion on.or before February 28,2007 [637].

On February 28,2007 the Government filed their response opposing the Movant motion pursuant 18 U.S.C.§3582 (c)(2) and apologizing to the court for their delay [637].

On March 6,2007 Judge H.Russel Hollands entered an ORDER denying the Movant's motion pursuant to 18 U.S.C. §3582 (c)(2)[632];Movant's Motion to Amend and Supplement pursuant 18 U.S.C. §3582 (c)(2) [633],and pre-denying any request for certification for an appeal [638].

The Movant now respectfully moves this Honorable Court for Certificate of Appealability and enter a Notice of Appeal in United States District Court for the District of Alaska properly serving all parties to this action.

********DISCUSSION********

This proceeding brings forth two questions:

1). Is the Movant entitled for resentencing pursuant to 18 U.S.C. §3582(c)(2) considering factors under 18 U.S.C. §3553. In violation of the 5th and 6th Amedment of the United States Constitution. In the opinion by Judge Betty B. Fletch held on January 11, 2007 holding that "Booker was not a mere statutory change which can be set aside to allow us to pretend that it is 1993 for the purpose of modifying [the defendants] sentence; rather, it provides a constitutional standard which courts may not ignore by treating the Guigelines ranges as mandatory in any context". United States-vs-Hicks, 472 F.3d 1167 (9th Cir. 2007).

2). Should this Honorable Court recall the mandate in this case, and vacate the sentence, and remand to the District for resentencing pursuant to United States-vs-Booker,-U.S.-,125 S.Ct.738,160 L.Ed.2d 621 (2005), United States-vs-Ameline, 409 F.3d 1073,1078-85 (9th Cir.2005) (en banc) (requiring resentencing where sentence was enhanced by extra-verdict findings under mandatory Guidelines if "possible to reliably determine from record whether the sentence imposed would have been materially different had the District Court known that the Guideline were advisory.)

(4)

_____

\*\*\*\*\*\*\*\*18 U.S.C.3582(c)(2)\*\*\*\*\*\*\*

_____

Clearly states: In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(O), upon motion of the defendant or the Director of the Bureau of Prisons, or its own motion, the court may reduce the term of imprisonment, after considering factors set forth in section 3553(a)....
18 U.S.C.§3553(5)(B)(6) further Provides:
The District Court with the power to avoid unwarranted sentence disparities among defendants with simimlar records who have been found guilty of similar conduct.
  The Movant sought relief pursuant to 18 U.S.C.§3582(c)(2) after reviewing the resentencing transcripts of Ricardo Cruzagosto who is house at the same facilitys as the Movant.
  In the case of United States-vs-Ricardo Cruzagosto,165 Fed.Appx.527 (9th Cir.2006) the similaritys was vast in all aspects including the same sentencing judge.
  This Honorable Court remanded the case back to the District Court because of a Apprendi violation. At the resentencing hearing the Judge H.Russel Hollands determined that the defendants advisory guideline range was a offense level 36 category IV in the range of 266 to 327 months.

(5)

Judge H.Russel Hollands than considered the nature and the circumstance of the offense under the provision set forth in 18 U.S.C. §3553 (a)(1) and sentenced the defendant to a term of 168 months and 6 years supervised release.

Judge H.Russel Hollands justification for sentencing the defendant outside of the advisory guidelines was as follow:

Defendant has done well in prison,e.g.taking optional eductional classes.Defendant is age 36 now by age 50(after a 14 year sentence)the risk of reoffense should be considerably reduced.Fourteen years will provide adequate deterence.18 U.S.C. §3553 (a)(2)(B).

Although it was not the intention of the Movant this arguement revolves around the Supreme Court's decision in United States-vs-Booker,543 U.S.220 (2005) and it no doubt that the Supreme Coust's decision in Booker "marked a mojor transformation in law of federal criminal sentencing." United States-vs-Mohamed,459 F.3d 979,984(9th Cir.2006).  In fact,the court continued,the [Booker] court emphasized that the Guidelines could not be construed as mandatory in one context and advisory in another.Because Congress has not attempted to undermine this conclusion,district courts have discretion to depart from guideline ranges in all cases,including resentencing,the court said.

The Supreme Court held that the  mandatory sentencing guidelines violated the Sixth Amendment jury-trial right and that the guidelines must be applied in an advisory manner.

(6)

The Supreme Court's decision [in Booker] left hundreds of thousands of defendants whose direct appeals were final at the time the Supreme Court rendered the [Booker] decision confined pursuant to an unconstitutional sentence that is a plain element of unfairness.Retroactivity denys any avenue of relief under Booker.United States-vs-Cruz,423 F.3d 1119,1121 (9th Cir.2005).The Movant cited United States-vs-Hicks not because the similarity of the case,but because of Judge Betty B.Fletcher interpretation of section 3582 (c)(2):

While it is true that scetion 3582 (c)(2) proceeding is not a "full" resentencing,the court said its purpose is to give a defendant a new sentence."This resentencing,while limited in certain respect,still results in the judge calculating a new Guideline range,considering the §3553 factors.

18 U.S.C. §3582(c)(2) is the only avenue that comes close to allowing any relief for the countless number of defendants confined "UNCONSTITUTIONALLY".

In all fairness the United States Supreme Court the highest court in the United States deemed the United States Guidelines "UNCONSTITUTIONAL" in all aspects in Booker giving the District Court Judges the discretion to depart from guigelines ranges in all case,including resentencing Ninth Circuit Judge Betty B.Fletcher said.

In actuality the District Court judge is the only one that could now make any changes in advisory guidlines regardless if the District Court judge chooses increase,or decrease a defendants guideline range is purely at the District Court Judge discretion including section 3582 (c)(2).

(7)

The Government stated in their response to this argument that Booker did make the application of the Sentencing Guidelines advisory, but Booker is not qualifying action by the Sentencing Commission, and Booker did not lower the sentencing ranges, See Government's response pg.8 [638].

In contrary Booker de-throned the Sentencing Commission giving the discretion to the District Court Judges to depart from guidelines ranges in all cases, including resentencing. See United States-vs-Hicks, 472 F.3d 1167 (9th Cir.2007).

For these foregoing reasons the Movant contends that the District Court denial of his Motions pursuant to 18 U.S.C. §3582 (c)(2) [632,633] denied him his Fifth Amendment Constitutional Right and his Sixth Amendment Constitutional Right under United States-vs-Booker, 543 U.S. 220, 76 CrL 251(2005) clearly abolishing the mandatory guidelines regime in all contexts. United States-vs-Hicks, 472 F.3d 1167 (9th Cir.2007).

To obtain a COA under §2253 (c) a prisoner must make a substantial showing of a constitutional right, a demonstration that, under Barefoot, including showing that reasonable jurists could debate whether(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were'''adequate to deserve encouragement to proceed further.'''...Where a district court has rejected the constitutional claims on the merits, showing required to satisfy §2253(c) is straight forward:

(8)

The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constatutional claims debatable or wrong.(quoting Barefoot-vs-Estelle,463 U.S.at 893 & n.4));United States-vs-Martin,226 F.3d 1042 (9th Cir.2000), cert.denied,121 S.Ct. 1671(2001) (petitioner was eligible for certificate of appealabilty because "petition raised a substantial constitutional issue"under "law as it stood when the petition was filed,"even though "constitutional issue Martin raised in his petition was ultimately resolved by the Supreme Court against his position");Johnson-vs-Moore,1998 U.S. App.LEXIS 23907,at 2(4th Cir.1998),cert.denied,526 U.S.1042(1999)(granting certificate of appealability "because at least one judge on the panel concluded that Johnson "has made a substantial showing of denial of a constitutional right").

The United States Sentencing Guidelines has been deemed "UNCONSTITUTIONAL" for over two years now and Congress has not yet attempted to resolve this situation leaving countless number of defendant confined with unconstitutional sentences stripping them of their rights guaranteed by United States Constitution.

This arguement bares to many unanswered question as the application of the new sentencing regime and its contradictory construction with other statutes.

Therefore,Movant prays upon this Honorable Court for certificate of Appealability.

\*\*\*\*\*\*\*\*RECALL MANDATE\*\*\*\*\*\*\*\*

This Honorable Court has held that the Supreme Court's decision in United States-vs-Booker,53 U.S.220(2005) was not,by itself,sufficient to justify recall of the mandate finalized before Booker was filed.See United States-vs-King,419 F.3d 1035,1036(9th Cir.2005).

Booker was an exraordinarily important decision that may,when combined with other extraordinary circumstances justify recall of the mandate.

This Honorable Court recalled the mandate in a pre-Booker sentence to allow the District Court under Booker.See United States-vs-Crawford,422 F.3d 1145 (9th Cir.2005).

Citing United States-vs-Crawford holding that Booker"when combined with other extraordinary circumstances,justif[ies] recall of the mandate"and recalled the mandate in the case of Craig Carrington and Robert Tillizt.See United States-vs-Carrington,470 F.3d 920 (9th Cir.2006).

What this means for Booker retroactivity is unknown.But it certainly a way in which court's can choose to apply Booker retroactively in cases deems deserving,without first ruling Booker retroactively.A careful review and analysis of their sentencing transcripts and any sentencing memoranda issued by the sentencing court may reveal language similar to that in Carrington and Tillitz's sentencing and thus may warrant an application for recall of the mandate.

(10)

In instant offense this case justifies recall of the mandate citing United States-vs-Crawford holding that Booker "when combined with other exraordinary circumstances,justif[ies] recall of the mandate.

There is no-doubt that the Movant is a pre-Booker defendant sentenced under the mandatory guidelines scheme sentence during the period of the guidelines mandatory life 1987 to 2005.

The Movant was sentenced to a term of 324 months in the United States District Court for the District of Alaska before the Honorable Judge James M.Fitzgerald in Anchorage,Alaska Thursday,April 6,2000 at 11:00 a.m..

At that time on his own free-will Judge James M.Fitzgerald stated on record:

> I THINK AT YOUR AGE,THE
> 324 MONTHS IS INDEED A
> "VERY HEAVY" SENTENCE,
> BUT IT"S THE MINIMUM
> THAT I CAN IMPOSE UNDER
> THE SENTENCING GUIDELINES
> (Partial Transcript [387])

It is very clear that Judge James M.Fitzgerald was concern about sentencing the Movant to 342 months at his age and if could have he would have sentence the Movant to less time because of his age,but it was the minimum that he could imposes under the mandatory guidelines.It is no-doubt that the Movant sentence would have been less if Judge James M.Fitzgerald was under the advisory guidelines.

(11)

This Honorable Court held that Booker "when combined with other extraordinary circumstances," justif[ies] recall of the mandate. Crawford, 422 F.3d at 1145.

In the instant offense Booker along with Judge James M. Fitzgerald expressing his concerns about sentencing the Movant to a term of 324 months at his age was a very heavy sentence, but it was nothing else that he could do under the mandatory guidelines justif[ies] recall of the mandate in the instant offense. In fact this entire motion revolves around Judge H. Russel Hollands putting great stock in reducing a defendant's sentence because of his age in the case of United States-vs-Ricardo Cruzaugosto, 165 Fed. Appx. 527, (9th Cir. 2006).

Now Judge H. Russel Hollands contradicts his own ruling by not inviting this Honorable Court to recall the in the instant offense because of the Movant's age. Ricardo Cruzaugosto is 10 years younger than the Movant facing the same nature of charges and time, however at resentencing under the new sentencing regime Judge H. Russel Hollands was able to reduce Cruzaugosto advisory guildeline range of 266 to 327 to a actual sentence of a term of 168 months using his age as a key factor.

In Crawford the Judge only expressed extraordinary concerns of the sentence was high, huge and serious consequences.

In the instant offense Judge James M. Fitzgerald clearly express his "EXRAORDINARY" concerns about having to sentence the Movant under the mandatory guidelines because of his age.

(12)

\*\*\*\*\*\*\*CONCLUSION\*\*\*\*\*\*\*

This Request for Certificate of Appealabilty is being filed Pro-Se and the Movant moves as a Pro-Se Litigant unskilled at law relying on the protection set forth in Haines-vs-Kerner,404 U.S. 519 in that this pleading should not be held to strict standards as a skilled Lawyer,this pleading should be liberally construed.

Therefore,Movant the request that if this Honorable Court grants this request for Certificate for Appealability please allow this motion to stand as is if any additional briefing is necessary.

RESPECTFULLY SUBMITTED THIS 23th DAY OF MARCH 2007

s/ *Juan Valera #12340-006*

JUAN FRANCISCO VALERA#12340-006

UNITED STATES PENITENTIARY

P.O.BOX 019001

ATWATER,CALIFORNIA 95301

(13)

******CERTIFICATE OF SERVICE******

I CERTIFY THAT A COPY OF THE SAME FOREGOING DOCUMENTS HAS BEEN SERVED UPON THE HONORABLE JUDGE H.RUSSEL HOLLANDS AND THE ASSISTANT UNITED STATES ATTORNEY AUDREY J.RENSCHEN BY FIRST CLASS UNITED STATES MIAL POSTAGE PRE-PAID.DONE THIS 22ND DAY OF MARCH 2007.

S /s/ Juan Valera #12340-006

JUAN FRANCISCO VALERA#12340-006

UNITED STATES PENITENTIARY

P.O.BOX 019001

ATWATER,CALIFORNIA 95301

CC:HONORABLE JUDGE H.RUSSEL HOLLANDS

CC:ASSISTANT UNITED STATES ATTORNEY AUDREY J.RENSCHEN

CC:NINTH CIRCIUT COURT OF APPEALS

[Return address, rotated:] Juan-Hidalgo Rubio, United States Penitentiary, P.O. Box 019001, Atwater, California 95381

LEGAL MAIL

United States District Court
Office of Clerk
222 West 7th Avenue #4
Anchorage, Alaska
99513-7564