IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,    )
                             )
              Respondent,    )
                             )
-v-                          )
                             )  3:99-CR-0036-04(HRH)
JUAN FRANCISCO VALERA,       )
                             )
              Movant.        )
                             )
                             )
                             )

**MOTION SEEKING TO AMEND THE PRESENTENCE REPORT
AND JUDGEMENT AND COMMITMENT AND VACATE
AND MODIFY SENTENCE UNDER 28 USC §§2241**

Comes Now, the Defendant/Movant Mr. Juan Valera, Pro Se, and moves this Honorable Court to modify the instant sentence to conform to the <u>draft</u> pretrial sentence investigation report (PSR). The PSR has a palpable ministerial error.

### INTRODUCTION

Mr. Valera was sentenced in the District of Alaska, before the Honorable James M. Fitzgerald on April 6, 2000.

Valera was found guilty of Counts 1,15, and 17 Violations of 21 §U.S.C. §841 (a)(1), distribution of a controlled substance.

## JURISDICTION

Mr. Valera has exhausted all other remedies and brings his claim under 28 U.S.C. §2241, Mr, Valera does continue to claim actual innocence.

## DISCUSSION

Mr. Valera contends if not for ministerial error performed by Ms. Daniel A. Fynes of the U.S. Probation Department, his sentence would be 2 years and 8 months lower. See: United States v. Knockum, 881 F.2d 730,732 (9th Cir. 1989).

In a letter dated March 8, 2000, former Attorney for Valera, Mr. Dattan has stated that he has reviewed Ms. Fynes draft PSR dated February 28,2000, with Valera at the Cook Inlet Pretrial Facility. Mr. Dattan requests Ms. Fynes accept the letter as their objections to the draft PSR.

In the revised PSR Ms. Fynes revised the following objections made by Valera and Mr. Dattan. Fynes revised paragraph 48 (education and vocational skills), to add that Valera reported obtaining his GED while incarcerated for the conviction listed in paragraph 33.

Also included in the revised PSR in paragraph 43 (personal and family data) Valera reported he is currently dating Karen Newsom, who lives in Anchorage, Alaska.

The next objections Mr. Valera's appointed counsel Mr. Dattan was directed to make was in respect to the "amount of cocaine attributed to Valera" contained under relevant conduct in paragraph 19.

2

Likewise Mr. Dattan made objection to Valera's role in the offense, and argued that Defendant/Appellant should be considered a minimal participant, and not a manager or supervisor.

## ARGUMENT

Mr. Valera made objections to the role in the offense, and the quantity of cocaine attributable to Mr. Valera, according to the _draft_ PSR. At no time was Valera afforded the opportunity to read the revised PSR prior to sentencing. Ms. Fynes changed the role in the offense by adding to paragraph 22, language that stated that the criminal activity involved more than five (5) participants, thus resulting in a three level enhancement rather than a two level enhancement under §§U.S.S.G. 3B1.1(b). Attorney Dattan made no objection to the Role or the quantity and stipulated to the lab results.

The Guidelines Sentencing is an adversarial process that envisions a confrontation between the parties similar to that which occurs at a civil bench trial.

There is a pretrial stipulation required by Rule 32 of the Federal Rules a Criminal Procedure that states a defendant is entitled to receive a copy of the revised PSR at least ten days before sentencing. 18 §§U.S.C. 3552(d); Federal Rules of Criminal Procedure, Rule 32.

Holding Valera never was afforded the opportunity to proofread the revised PSR until beyond sentencing, to make a colorable objection to the incorrect change to paragraph 22 of the PSR at sentencing. He was only allowed to read the _draft_ PSR.

3

Federal Rules of Criminal Procedure, Rule 32 sets forth the procedure to be followed at a sentencing proceeding including the preparation, contents, and disclosures of the PSR.

The United States Probation Office must disclose the <u>draft</u> PSR to the Defendant's Counsel and the attorney for the Government at least 35 days before the sentencing hearing and to assure Defendant's Counsel has a copy of the revised PSR 10 days before the sentencing hearing, unless the Defendant waives this minimum period. See: Federal Rules of Criminal Procedure, Rule 32 (b)(6)(A); Accord, 18 U.S.C. §3552 (d) (2000).

Mr. Valera has not waived these minimum periods. In fact Ms. Fynes failed to assure the Defendant's Counsel adequate time to address the revised PSR. See: United States v. Petty, 80 F.3d 1384, 1387 (9th cir. 1998).

Mr. Valera did not receive the revised PSR prior to sentencing, holding Mr. Dattan to be ineffective for not making objections to the revision and addendum attached to the back of the revised PSR. (See: Attachments).

Mr. Dattan's objections on the Addendum stem from the <u>draft</u> PSR. See: United States v. Young, 140 F.3d 453, 457 (2nd cir. 1998) (Sentencing Court has authority to entertain Governments untimely objections to the PSR provided Defendant is afforded an adequate opportunity to respond to the Governments late submission and any revisions to the PSR.)

Valera contends he was not afforded an adequate opportunity to respond to revisions of the PSR, which ultimately affected his sentence considerably.

The <u>draft</u> PSR was completed on February 28, 2000, mailed to Mr. Dattan by at least March 2, 2000. By March 8, 2000, Mr. Dattan caused a letter to Ms. Fynes. Submitting the letter as objections to the <u>draft</u> PSR, on March 20, 2000, Ms. Fynes completes the revised PSR with the addendum attached to the back. (note: the addendum attachment is dated March 20, 2000 as well.)

The District Court must afford the defendant an opportunity to challenge any findings in the PSR that may affect the guideline calculation. Federal Rules of Criminal Procedure, Rule 32.

Valera argues his sentence to be unlawful. Between Ms. Fynes and his ineffective counselor Mr. Dattan there has been a great injustice, if not a miscarriage of justice. The Movant is prejudiced by these enormous sentencing errors and this should render unacceptable for the administration of justice.

**LAW AND FACT**

When a defendant challenges one of the factual basis set forth in the PSR the government has the burden of establishing the disputed facts beyond a reasonable doubt. It is the District Court's duty to assure that the government carries the burden by presenting reliable and specific facts, and proven to a jury.

When a defendant challenges one of the factual basis of his sentence as set forth in the PSR the trial court must then either make an explicit factual finding as to the allegations or determine that no such finding is necessary because the matter controverted will not be taken into account at sentencing. If the court declines to resolve a factual challenge because it

5

is not relying on the disputed matter in determining the sentence. It must expressly set out in writing any disputed facts left unresolved.

When imposing sentence the District Court Judge must state the reasons for imposing a sentence at a particular point within the range when the range exceeds 24 months. 18 U.S.C. §3553(c)(1).

When a sentencing court fails to comply with this particular requirement the sentence imposed is in violation of the law and is reviewable on appeal. FRCP, Rule 32.

Under §§ 6A1.3 (b) of the sentencing guidelines, the district court is to "resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(c)(1), FRCP." Rule 32 (c)(1) requires the district court to "Make... a finding" as to disputed matters that will affect the sentence. The District Court's findings as to the disputed enhancement in Valera's case clearly relied of the PSR. (citing with approval)

See:  **United States v. Farnsworth 92 F.3d 1001,1011 (10th cir.1996)**

> the 10th circuit has repeatedly held that a district court may not satisfy its obligation under rule 32 (c)(1) by simply adopting the presentence report as its finding.

### ADDENDUM TO P.S.R.

In the Addendum to the PSR Mr. Dattan enters objection to paragraph 19 "Valera objects to the amount of cocaine attributed for the purposes of establishing a base offense level."

However, the court did not prove the attributed amounts of cocaine before, a jury to be found, Beyond a Reasonable Doubt Standard. This would constitute an unlawful sentence.

6

This is a legal question that is subject to de novo review, because Valera was never afforded the opportunity to have an evidentiary hearing to establish the "amount of cocaine attributable" to him, beyond a reasonable doubt, or to establish Valera's role in the offense. Holding that, the indictments principle negotiator between the government and the conspirators was Palacio Ibarra.

Valera's Court appointed counsel Mr. Dattan was so deficient as to violate his Sixth Amendment right to effective assistance of counsel, while not producing evidence to reduce the drug quantity or to elaborate, and argue against the government's accusations, and Palacio Ibarra's perjured testimony.

Mr. Dattan failed to move for a rule 16 hearing or rule 29 motion to prove paragraph no. 19 & 22 in the PSR or at the trial stage, in order to prove these charges beyond a reasonable doubt.

The prosecution for the government relied on two case laws which were not on point with Valera's case. These were (United States v. Helmy 951 F.2d 988, 997 and United States v. Barnes 993 F.2d 680, 685) both of these cases accepted responsibility and were afforded evidentiary disclosure. Plus, in Helmy, if you would increase the offense level of the defendant who had the most subordinate role in the criminal activity, in Valera's case Palacio Ibarra, Gerson and Mirian Nunez would be the principle negotiators between the government and the conspirators. Id. 924F.2d 889 (9th cir. 1991) See: also United States v. Carvajal 905 F.2d 1292, 1294.

## CONCLUSION

Therefore, Mr. Valera was not afforded the opportunity to review the revised PSR prior to sentencing, as of right, nor was he able to make objections or inquiry to the revised PSR and Addendum, paragraph 22.

Although Valera contends he is not a supervisor or manager in any conspiracy and he is not responsible for the attributed quantity which he was tried on. Sentencing Valera according to the PSR is to deny him his right to allocution. The defendant establishes his right to be violated and he is prejudiced as a result of (1) the trial court erred in a federal sentencing guidelines determination, and (2) as a result of such error, about which counsel failed to argue the defendant's sentence was increased. Although the amount by which the sentence was increased may possibly be a factor to determine whether counsel's performance in failing to argue the point constitutes ineffective assistance of counsel, the amount increased cannot, under a determinate system of constrained discretion, such as the guidelines, serve as a bar of showing of prejudice. See: Glover v. United States 148 Led 2d 604; 182 F.3d 921. Valera's argument remains with the extra point for the role in the offense, that he was unjustly not able to make objections to, which has added 2 years and 8 months to his already lengthy sentence. Valera contends he should not have been enhanced for the role in the offense at all, which ultimately added approximately 5 years to his sentence.

## PRAYER

WHEREFORE THE MOVANT PRAYS, this Honorable Court vacate his sentence, depart downward by 1 point for his role in the

the offense which would reduce his sentence by 2 years and 8 months. Second, the Movant prays this Honorable Court will depart downward 2 points for his role in the offense, which would reduce his sentence by 5 more years. Third, the Movant prays this Honorable court amend the PSR and Judgement of Commitment, to conform to the <u>draft</u> PSR.

### DECLARATION AND CERTIFICATE OF SERVICE

I, Juan Valera, hereby declare and affirm, under the penalty of perjury pursuant to 28 USC §1746(2), that the foregoing pleading is true and correct, and that I served, by first-class postage prepaid surrender to prison officials, a true and correct original of the foregoing pleading, the <u>11</u>th day of September 2007, to:

1. Clerk of Court
   USDC, District of Alaska
   Federal Building and Courthouse, Room 253
   Anchorage, AK 99513

2. Audrey Renshen, AUSA
   222 W. 7th Ave #9
   Anchorage, AK 99513

Juan Valera #12340-006
Juan Valera
#12340-006
FCI McKean
P.O. Box 8000
Bradford, PA 16701

9



" LEGAL MAIL "

Juan Valera
#12340-006
FCI Mckean
P.O. Box 8000
Bradford, PA 16701

United States District Court
District of Alaska
Room 229
222 W. 7th Ave
Anchorage, AK 99513-7564

FEDERA|
P.O. BO

The enclosed
for forwardin
inspected. I'
this facility h
for further in
corresponde
the enclosu