IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>JUAN FRANCISCO VALERA,<br><br>     Defendant. | Case No. 3:99-cr-0036-HRH<br><br>ORDER GRANTING<br>RECONSIDERATION<br>and DISMISSING PETITION |

On September 17, 2007, Juan Francisco Valera, representing himself, filed a petition for writ of habeas corpus, under 28 U.S.C. § 2241.[1]  In his petition, Mr. Valera requests that his pre-sentence report be modified and that his sentence thereafter be modified.  The Court dismissed the petition, believing the case to be on appeal in the Ninth Circuit.[2]  Mr. Valera then filed a motion for reconsideration, showing that Mr. Valera's COA on appeal had been denied by the Court of Appeals.[3]  Therefore, Mr. Valera is correct, and the Court will reconsider his petition under section 2241.

---

[1]  *See* Docket No. 655.

[2]  *See* Docket No. 656.

[3]  See Docket No. 650.

If it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention" a federal prisoner may challenge the legality of a conviction or sentence under 28 U.S.C. § 2241.[4]  Because § 2255 is available to challenge the conviction or sentence, by far the most common situation which satisfies this standard is a challenge to any governmental action involving **execution** of the sentence. That is not the case here, where Mr. Valera challenges his pre-sentence report.

Furthermore, a petition under 28 U.S.C. § 2241 must be brought in district where the prisoner is **incarcerated**.[5]  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."[6]  This Court is not the custodial court.

---

[4]  *See* 28 U.S.C. § 2255; *see Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (a petition brought under § 2241, challenges the "manner, location, or conditions of a sentence's execution.").

[5]  *Coalition of Clergy v. Bush*, 189 F.Supp.2d 1036, 1044-45 (D.C. Cal.), *aff'd in part, rev'd in part*, 310 F.3d 1153 (9th Cir. 2002), *cert. denied*, 123 S.Ct. 2073 (2003); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (a prisoner may bring a § 2241 habeas petition only in the district court that has personal jurisdiction over his current custodian).

[6]  *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (a section 2241 habeas petition must be heard in the custodial court even if the petition contests the legality of a sentence by falling under the savings clause of § 2255).

If, as it appears, Mr. Valera should be filing a motion under 28 U.S.C. § 2255,[7]

he must first seek permission from the Court of Appeals for the Ninth Circuit.  Under

28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> Section 2255 explains that:
>
> A second or successive petition or motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[7] Mr. Valera brings his petition, in part, based upon ineffective assistance of counsel, who allegedly failed to insure that Mr. Valera be allowed to review the final pre-sentence report.  A claim of ineffective assistance of counsel is addressed in motions under § 2255.

Mr. Valera appears to be aware that he must seek permission from the Court of Appeals, as he mentions that requirement in his motion for reconsideration.[8]  A federal prisoner "may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than [§ 2255]. ... [T]he dismissal of a subsequent § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inadequate remedy."[9]

Finally, it is noted that Mr. Valera has already challenged his sentence, and that his sentence has been affirmed on appeal.[10]  It appears unlikely to this Court that any further challenge to his sentence will be favorably received.

---

[8]  *See* Docket No. 657 at 1; *see also* Docket Nos. 476, 477, 489, 517, 520, 524, 539, 596.

[9]  *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *see also* *Burton v. Stewart*, 127 S.Ct. 793, 796 (2007) ("Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.") *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("A section 2255 motion to the sentencing court is generally the proper vehicle for challenging a conviction.  ...  Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions. ...  It is apparent from the face of [the] section 2241 petition that [petitioner] raises previously unsuccessful claims attacking only the legality of his conviction and not the execution of his sentence. ... We will not permit a petitioner to circumvent the successive motion bar by bringing a section 2241 petition that otherwise would not require a COA.").

[10]  *See United States v. Valera*, 17 Fed.Appx. 612 (9th Cir. Aug. 21, 2001) (unpublished); *see also* Docket Nos. 632-634, 637-639, 641, 647-650 (all involving another challenge to Mr. Valera's sentence, in this Court and on appeal).

DISMISSAL

**IT IS HEREBY ORDERED:**

1.    Mr. Valera's motion for reconsideration, at docket number 657, is GRANTED.

2.    Mr. Valera's petition, at docket number 655, is DISMISSED without prejudice to filing a petition under 28 U.S.C. § 2255 in this Court after obtaining permission from the Court of Appeals for the Ninth Circuit to file a successive petition.

DATED this 9th day of October, 2007,  at Anchorage, Alaska.

/s/ H. Russel Holland
United States District Judge