UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

RECEIVED
DEC 17 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

JUAN FRANCISCO VALERA,             )
       petitioner,             )
                                   )
                                   )
vs                                 )     Case Number. A99-0036-4
                                   )     (HRH)
                                   )
UNITED STATES OF AMERICA,          )
       respondant..           )


MOTION FOR INJUNCTION TO PRODUCE
LABORATORY REPORTS


    **Now comes**, the petitioner, Juan Francisco Valera, pro se, and moves this Honorable District Court for an injunction to produce the laboratory reports done by Jane Booth, from the State of Alaska Scientific Crime Detection Laboratory, in Anchorage, Alaska. The initial (F.B.I) case number is 281I-AN-11842. These reports form the bases of Mr. Valera's conviction and were never produced for the Jury to base there decision beyond a reasonable doubt.

    Although, there was a **stipulation** against Mr. Valera's rights the record does not show or proove the analytic reports done by Jane Booth. Mr. Valera was wrongfully tried and charged on the result of the reports which were never produced for him or the Jury.

    Valera contends that if not for the missing analysis records and reports a competent Jury would not have found him guilty. The reports done by Jane Booth are 100% evidence and should have been used before a jury in an evidentiary hearing. The fact that Mr. Valera was never allowed an evidetiary hearing has prejudice him with accessive prison time and Valera should be afforded the opportunity to examine the reports which were used against him in order to coll-

aterally attack his sentence, in the Interest of Justice.

Valera holds that his Sixth Amendment Right to confront the witnesses against him has been violated. See **Crawford vs Washington**, 541 U.S. 36, 158 L Ed 2d 177, (2004).

To not have produced and afford Mr. Valera the opportunity to examine the evidence which was used against him and allow him a chance to review the reports in an attempt to collaterally attack his sentence would prejudice Valera and substantially affect Valera's Sixth Amendment Right. This has ultimately led to a **Brady** violation. (See **Brady vs Maryland**, 373 U.S. 83, 10 L Ed 2d 215, 83 S Ct. 1194)(Decided May 13, 1963.)

This has been a damaging due process violation and Valera should be allowed access to the laboratory reports and records which form the bases of his conviction and stands in between Valera's actual innocence or guilt if the case may be, upon actually producing these documents. The reports done by Jane Booth and the hearsay from the co-defendant, Palacio has falsely accused Valera of accessive drug amounts or has denied Valera the opportunity to be confronted by his accusers.

## EXHAUSTED REMEDIES

Valera has attempted to contact the Attorney General as well as the commissioner of Public Safety and has attempted to contact Jane Booth and her boss Orin K. Dim at the State of Alaska Crime Detection Laboratory. Noone has fullfilled Mr. Valera's request.

Valera has written "**FREEDOM OF INFORMATION AND PRIVACY ACT**" request and has made his request for these reports under the Alaska statue pertaining to Public Records, AS 40.25.100-40.25.220. (See

Exhibit A, 1, 2, 3, 4, 5, and 6.)

The State of Alaska Scientific Crime Detection Laboratorys, criminalist Jane Booth, Orin K. Dim and the commissioner of the State of Alaska Department of Public Safety have responded back after an Administrative Appeal, and Walt Monegan (Commissioner) will comply to a Federal Court Order to produce these reports and records.

Valera has written a request for these documents to the Attorney General and there has not been a response back, within the requirements of Title 5 Sec. 552, (Freedom of Information and Privacy Act). The request to the Attorney General has been well over 20 days without any attention made to the request or any filing for an extention of time to respond.

Mr. Valera has made request from his former lawyer Mr. Dattan and his co-defendants former lawyer Mr. Patterson as well, but to no avail. (See Exhibit 5 and 6.).

## CONCLUSION

Mr. Valera contends that he has exhausted all his remedies at trying to obtain the forthgoing reports. Valera has also attempted to move the Superior Court for an Injunction and was directed to the Lower Court to file the request. Attatched to this Motion for an Injunction are the letter request for the reports and record and the response back from the commissioner and the Trial Stipulation Regarding the Cocaine Analysis. The information stipulated to in this motion projects a substantial amount of drug quantity that should not be holding Valera accountable and with this documentation Valera can proove his innocence in the amount of the controlled substance that

2

ultimately was not accounted for in the first place. Please note the additional Exhibits B and C. Exhibit B is the motion for an Injunction to the Superior Court and Exhibit C is the response from Walt Monegan (Commissioner) willing to comply to a Federal Court order to produce and mail Valera the reports and record.

### PRAYER

Wherefore, Valera prays this Honorable District Court grant his motion for an injunction and order the State of Alaska Scientific Crime Detection Laboratory and/or the State of Alaska Department of Public Safety through Jane Booth, Orin K. Dim, or Commissioner Walt Monegan to produce and mail Mr. Valera the reports and any records pertaining to the cocaine analysis. Furthermore, order the same to provide Valera with a signed and notarized memorandum of the non-existence of the reports, as that may be an issue.

Respectfully Submitted,

#12340-006

*/s/ Juan Valera*
Juan Francisco Valera.

This 17th day of December, 2007.

## DECLARATION

I Juan Valera, hereby declare and affirm, under the penalty of perjury pursuant to 28 U.S.C Sec. 1746(2), that the foregoing pleading is true and correct to the best of my knowledge, this 17 th day of December, 2007.

## CERTIFICATE OF SERVICE

I Juan Valera, hereby certify that I served, by first-class postage prepaid and surrender to prison officials, a true and correct copy of the foregoing pleading and accompanying declaration, this 17 th day of December, 2007, to:

1) Clerk of the Court
   USDC, District of Alaska
   Federal Building and Courthouse, Room 253
   Anchorage, Alaska  99513

2) Audrey J. Renschen, AUSA
   222 W. 7th Ave #9
   Anchorage, Alaska  99513

3) Attorney General of U.S.A
   Department of Justice
   950 Pennsylvania Ave, N.W.
   Washington, DC  20530-0001

This 17th day of December, 2007.

SignatureX *[signature]* # 12340-006
Juan Francisco Valera
Reg. No 12340-006
Federal Corr. Institution, McKean
P.O. Box 8000
Bradford, PA 16701

4

FEDERAL CORRECTIONAL INSTITUTION
MCKEAN
JUAN VALERA-RINCON #12340-006
P.O. BOX 8000
BRADFORD, PA 16701

Legal Mail

TO: UNITED STATES DISTRICT COURT
CLERK OF COURT
222 W. 7TH AVE, #4
ANCHORAGE, ALASKA
99513-7564