BRYAN SCHRODER
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska   99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:99-cr-00036-HRH-04 |
|---|---|
| Plaintiff, | |
| vs. | RESPONSE TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE |
| JUAN FRANCISCO RINCON VALERA, | |
| Defendant. | |

COMES NOW, Plaintiff United States of America, by and through undersigned counsel, and opposes the defendant's motion to terminate supervised release filed at docket 842.  The defendant began supervised release in December, 2016, after serving a 210-month sentence for drug trafficking conspiracy and

related crimes.[1]  The defendant was sentenced to ten years of supervised release as part of the original judgment, which remains in effect.  Now, after having served less than three years of that supervised release time, the defendant has moved for early termination.

It appears the defendant has been doing well on supervised release, and the United States Probation Office reports that it has had no issues with him.  While his performance has been positive, one cannot help but think that federal supervision remains a useful tool to ensure his successful reentry into society.  He has not yet completed 30% of his supervision, and the United States Attorney's Office typically opposes early termination until a defendant has completed 2/3 of his term.  This policy applies with greater force in this case, in which the defendant was sentenced to a substantial jail term for a serious drug conspiracy.  Moreover, the dangers of recidivism cannot be ignored.  The defendant was in criminal history category III at the time he was sentenced.  A United States Sentencing Commission study recently found that offenders in criminal history category III – like the defendant -- have re-arrest rates of 63.3%.  *The Past*

---

[1]  The defendant's sentence was reduced twice: once from 324 months to 262 months (Docket 747), and then again from 262 months to 210 months imprisonment (Docket 808) as a result of retroactive controlled substance guideline amendments.

U.S. v. Valera

*Predicts the Future: Criminal History and Recidivism of Federal Offenders,* United States Sentencing Commission, March 2017, p. 8.

      Given the defendant's age (59 years old), it is possible that he is less of a recidivism risk than other defendants in criminal history category III. However, given the significant sentencing reductions that the defendant has already received, as well as the potential for recidivism, the United States submits it would be prudent to maintain the defendant on supervised release for another two years. At that point, he will have served nearly half of his supervised release time. If he still has had no violations, the United States would not oppose early termination. Accordingly, the United States requests that the Court deny the defendant's motion without prejudice.

U.S. v. Valera

RESPECTFULLY SUBMITTED this 21st day of June, 2019 in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney


s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska   99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019
a copy of the foregoing UNITED STATES'
OPPOSITION was served,
via ECF on:

Counsel of record

s/ Frank V. Russo
Office of the U.S. Attorney

U.S. v. Valera